# THE PEORIA, DECATUR & EVANSVILLE RAILWAY COMPANY

## v.

## WILLIAM M. BABBS.

*Railroads—Fences—Gates—Injury to Stock—Conflict of Evidence—Question for Jury—Instructions.*

1. Where the evidence is irreconcilably conflicting and there is nothing in the record to indicate that the jury were influenced by improper motives, this court will not interfere with their finding.

2. Railroad companies are only required to use reasonable care and diligence to keep gates closed at farm crossings.

3. The duty of keeping railroad fences, gates and bars in repair can not be shifted from the company to the owner of stock injured, merely because through the company's neglect such owner has found it necessary to make some temporary repairs thereon.

4. In the case presented, it is *held:* That in view of the conflict of evidence both parties were entitled to have the jury fairly instructed; that the appellant was not injured by the instructions, although one was not based on the evidence and all were not strictly accurate; and that a certain instruction asked by the appellant was properly refused.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Jasper County; the Hon. W. C. JONES, Judge, presiding.

Messrs. STEVENS, LEE & HORTON and JOHNSON & GIBSON, for appellant.

Messrs. DAVID TREXLER and E. CALLAHAN, for appellee.

WILKIN, P. J. Action on the case by appellee against appellant, to recover for injury to horses by the locomotive and cars of appellant. The first count of the declaration charges negligence in failing to erect and maintain suitable fences, gates, bars, etc., as required by Sec. 62, Chap. 114 of the statute, and the second avers that the animals were injured through and by the negligent management of the locomotive and train of appellant by its servants and employes.

The second count is not supported by the evidence, and the judgment, to be sustained, must be based upon the first. The animals got upon the track of appellant's road through a gate at a farm crossing on appellee's farm. This gate was and had been for some time so out of repair as to be insufficient to turn stock, though when closed was at least some obstruction to horses passing through it. On the evening of the night the animals were hurt, appellee, with certain men in his employ, were hauling hay through this gate; and appellant insists that one of these employes left the gate open expecting and intending to again pass through it before night. This is really the only question of fact in the case in the view we take of it. Upon it the evidence is irreconcilably conflicting. One witness swears that he passed it that evening after appellee insists it was closed and found it open.

Another testifies that he was there still later and it was not open.

The man who is charged with having left it open swears that he closed it. By other evidence it appears that after the injury to the horses, he admitted that he did not. It is unnecessary to discuss the evidence of the various witnesses. It is sufficient for the purposes of this decision to say that a conclusion, as to the truth of this issue in the case, can only be arrived at by giving credit to certain witnesses and disbelieving others. There being nothing in the record to indicate

that the jury was influenced by improper motives, it is not our province to interfere with their finding.

But three instructions given on behalf of appellee appear in the record and they are each criticised by counsel for appellant. The first, it is said, ignores the defense of negligence on the part of appellee in not keeping the gate in question closed. It informs the jury that if the evidence shows that the defendant failed to construct and maintain gates and bars, etc. Nothing is said in it as to the suitableness or sufficiency of gates or bars, and it is therefore to be construed as being based on the theory that there was evidence tending to show that no gate whatever had been erected by appellant. So understood, it is not subject to the objection urged. It should not have been given for the reason that there is no evidence upon which to base it.

The second places the burthen of proof upon appellant not only to prove that the gate was left open but that it was done by "plaintiff or his servants or employes while in the line of their duty."

Railroad companies are only required to use reasonable care and diligence to keep gates closed at farm crossings. If opened by strangers and left so they are only liable when chargeable with notice, actual or constructive, of the fact that it is open. This instruction is, therefore, as a general proposition, erroneous. The instructions, however, in a given case, must be considered in the light of the facts.

By all the evidence in this record if the gate through which the horses got on the track was left open, it was by an employe of appellee in the course of his employment and while engaged in his duty as such employe. Each instruction given at the instance of appellant on this branch of its defense, expressly assumes that if left unclosed it was by the plaintiff or his servants. On the theory of all parties and under the evidence the instruction could not have misled the jury.

We do not understand the third instruction as excusing appellee from the duty of keeping the gate closed merely because it was out of repair. The most that can be urged against it is susceptible of that construction, and may have

been so understood by the jury. As before stated, the vital question in the case is whether or not the employes of appellee failed to close the gate the evening prior to the injury. In the conflict of evidence both parties had a right to have the jury fairly instructed. Nine were asked by appellant and given. One asked and refused. Of the nine given, six, by different modes of expression, but directly and positively, inform the jury that if plaintiff or his employes left the gate open and thereby the horses got upon the road and were injured, there can be no recovery unless the injury was caused by the negligence of appellant's employes in charge of the train. Appellant was not, therefore, prejudiced by the instructions although all of them were not accurate.

The refusal of the one instruction was proper. The plain provision of the statute is a complete answer to all that can be said in its defense.

The duty of keeping railroad fences, gates and bars in repair is not to be shifted from the company to owners of stock injured, merely because, through the neglect of the company, such owner has found it necessary to make some temporary repairs thereon.

The judgment of the Circuit Court will be affirmed.

